UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN VICTOR WITT,

    Plaintiff,

v.     Case No: 2:15-cv-119-FtM-29CM

LEE COUNTY SHERIFF'S DEPARTMENT, FLORIDA ATTORNEY GENERAL, STEPHEN B. RUSSELL, STATE OF FLORIDA, CHERRIE MCABEE, and COURT ADMINISTRATION (XIV),

    Defendants.

## OPINION AND ORDER

This matter comes before the Court upon review of a civil rights complaint filed by John Victor Witt ("Plaintiff") (Doc. 1, filed February 23, 2015). Plaintiff, proceeding *pro se*, is presently confined at the Turbeville Correctional Institution in Turbeville, South Carolina. Because Plaintiff seeks leave to proceed *in forma pauperis* (Doc. 2), the Court must review his complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).

Upon review of the complaint, the Court concludes that Plaintiff has failed to present an actionable claim under 42 U.S.C. § 1983 and that dismissal of this case without prejudice is

warranted. However, because it appears that Plaintiff may be seeking habeas corpus relief, the Court will direct the Clerk of Court to docket the instant § 1983 complaint (Doc. 1) in a habeas corpus action pursuant to 28 U.S.C. § 2241.

## I. Legal Standards

A federal district court is required to review a civil complaint filed *in forma pauperis* and to dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915. In essence, § 1915(e)(2) is a screening process to be applied *sua sponte* and at any time during the proceedings. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. The section provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
> > (A)  the allegation of poverty is untrue; or
> >
> > (B) the action or appeal-
> >
> > > (i)    is frivolous or malicious;
> > >
> > > (ii)   fails to state a claim on which relief may be granted; or
> > >
> > > (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327.

Dismissals under 28 U.S.C. § 1915(e)(2)(ii) for failure to state a claim are governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). Under Rule 12(b)(6), a complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. See Bell Atl. Corp v. Twombly, 550 U.S. 544 (2007) (retiring the "no set of facts" language previously used to describe the motion to dismiss standard and determining that because the plaintiffs had not nudged their "claims across the line from conceivable to plausible," their complaint must be dismissed for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) "when

its allegations, on their face, show that an affirmative defense bars recovery on the claim." Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001).

**II. Complaint**

Plaintiff is currently incarcerated in South Carolina (Doc. 1 at 1). Although the facts as set forth in Plaintiff's complaint are unclear, Plaintiff appears to argue that he has been denied a speedy trial and denied due process of law in Florida because of a detainer[1] that was filed against him by the Lee County Sheriff's Office. Plaintiff asserts that the detainer is:

> [E]ffecting [sic] my custody level in prison, effecting/preventing me to be allowed to work in a pre-release level 1 camp, preventing me from paying $18,000 in restitution that I owe and court fines. Also the Defendant (Stephen B. Russell)/Attorney General is using this tactics from keeping this case from going to court now. Which is not fair to the Plaintiff, due to the fact his witnesses are older in age and witnesses could die off, or memories could fade away giving the prosecution an [sic] tactical advantage by delaying this case and preventing it from going forward. Also, I believe the solicitor Stephen B. Russell is in conflict with one of the victims of alleged suit.

---

[1] A detainer is "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking that the prisoner be held for the agency, or that the agency be advised when the prisoner's release is imminent." Fex v. Michigan, 507 U.S. 43, 44 (1993).

(Doc. 1 at 5).  Plaintiff has attached to his complaint numerous documents indicating that he has contacted various South Carolina and Florida agencies in an attempt to have the detainer removed (Doc. 1-1).

Plaintiff asks this court to order that the defendants "serve this warrant on him, while he is at Turbeville Prison so that the Plaintiff can be given a fair trial and also if there is restitution in Florida, it can be paid weekly, when this detainer is removed." (Doc. 1 at 7).

### III. Discussion

A liberal reading of Plaintiff's complaint indicates that he challenges both the validity and the effect of the Florida detainer. See Norris v. Georgia, 522 F.2d 1006, 1011 (4th Cir. 1975) (recognizing the "fundamental distinction" that exists between an attack on the validity of a detainer on a speedy trial ground and an attack on the effect of the detainer, with the latter dealing with the "adverse impact created by the immediate custodian's imposition of a special 'form of custody' on the prisoner as a result of the filing of the detainer."). The Court will consider each attack on the detainer separately.

**A.   Validity of the Detainer**

To the extent Plaintiff asserts that Florida officials violated his speedy trial rights or the Interstate Agreement on Detainers Act by lodging a detainer against him, this Court notes

that 28 U.S.C. § 2241, not 42 U.S.C. § 1983, provides the general jurisdictional basis for his claims. See Braden v. 30th Judicial Cir. Ct., 410 U.S. 484 (1973).

The Court will not convert the instant § 1983 action to a habeas action for two reasons. See Prather v. Norman, 901 F.2d 915 (11th Cir. 1990) (cautioning district courts to consider the effect that treatment of an inmates' civil rights complaints as petitions for habeas corpus will have on the future validity of those claims). First, although Plaintiff has written letters to various state entities (Doc. 1-1), it is unclear whether Plaintiff has exhausted his state remedies. See Grant v. Hogan, 505 F.2d 1220, 1223 (3d Cir. 1974) (recognizing that when a habeas petitioner is incarcerated in one state but challenges a detainer lodged by another state on speedy trial grounds, "habeas corpus relief [is] available only if the prisoner [has] exhausted the remedies available to him in the indicting state when seeking his right to a speedy trial on the underlying charges."); Chappell v. Teague, 946 F.2d 900, at *1 (10th Cir. 1991) ("Petitioner must first seek relief in state court before seeking habeas relief in federal court."). Next, Plaintiff's complaint names several defendants who are not the proper respondents in a habeas action. In the case of a detainer, the State holding the prisoner in immediate confinement acts as agent for the demanding State, and the custodian state is presumably indifferent to the resolution of the

prisoner's attack on the detainer. <u>Braden</u>, 410 U.S. at 499. Therefore, the proper respondent in this case would be the Attorney General of the State of Florida.[2]

Consequently, as currently presented to this Court, Plaintiff's complaint does not state a claim under § 2241. Therefore, the Court will direct the Clerk to open a new civil action, nature of suit 530, with the instant complaint (Doc. 1) docketed as the § 2241 petition. If Plaintiff wishes to proceed with this action, he must file an amended 28 U.S.C. § 2241 petition within twenty-one days from the date on this Order.

### B.   Effect of the Detainer

To the extent Plaintiff seeks an injunction preventing South Carolina prison officials from considering the existence of a

---

[2] In <u>Braden</u>, the Supreme Court was presented with a question of interstate detainer, an issue not specifically covered by 28 U.S.C. § 2241. The Court addressed the issue of whether a district court in one state could have jurisdiction over a prisoner in custody in another state where that prisoner challenged a detainer issued by the first state. 410 U.S. at 495.  "In reaching its conclusion that the prisoner could attack the interstate detainer in a district court located within the state issuing the detainer, though the prisoner was confined in another state, the Supreme Court looked to the text of 28 U.S.C. § 2241(a)." <u>Wadsworth v. Johnson</u>, 235 F.3d 959, 962 (5th Cir. 2000). The Supreme Court then used traditional venue principles to reach its conclusion that it could not assume that Congress intended to require a state to defend its action in a distant state and to preclude resolution of the dispute by a federal judge familiar with the laws and practices of the first state. <u>Id.</u>  Accordingly, although Plaintiff is "in custody" in South Carolina, venue on a § 2241 habeas petition is proper in Florida.

detainer when determining his eligibility for a prison job, such a claim is properly brought under § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."). However, the instant complaint does not name any South Carolina defendant. Moreover, because any § 1983 cause of action involves conduct that is presently occurring solely in South Carolina, venue is not proper in this Court. See 28 U.S.C. § 1391(b). Accordingly, any claims challenging the effect of the detainer on Plaintiff's South Carolina incarceration are dismissed without prejudice to Plaintiff filing a new 42 U.S.C. § 1983 complaint in the South Carolina district court.[3]

ACCORDINGLY, it is hereby **ORDERED:**

1.   Plaintiff's 42 U.S.C. § 1983 complaint (Doc. 1) is **dismissed** without prejudice.

---

[3] Under 28 U.S.C. § 1406, the district court of a district where venue is improper "*shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added). Because Plaintiff has named no defendants in South Carolina, transferring the case would not serve the interest of justice because doing so would be futile. Moreover, there is no indication that Plaintiff's claim would be time-barred if refiled in the proper forum. See Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962) (noting that transferring a case to another district is in the interest of justice when dismissal would result in the claim being time-barred on refiling in the proper forum).

2. The Clerk of Court is directed to terminate any pending motions, enter judgment accordingly, and close this case.

3. The Clerk is further directed to: (1) open a new civil action, nature of suit 530, and docket the complaint (Doc. 1) as a § 2241 habeas petition; (2) docket a copy of this order as docket entry two of the new case; and (3) send Plaintiff a 28 U.S.C. habeas corpus form with the new case number.

4. Within **TWENTY-ONE (21) DAYS** from the date on this Order, Plaintiff must file an amended petition on the form if he wishes to proceed in a new action. Failure to do so within the time allotted will result in the dismissal of the new action without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___27th___ day of February, 2015.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: John Victor Witt